IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TONI MARVETTA BACON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Civil Action No.  20-1374 |
| ) | |
| KILOLO KIJAKAZI,[1] ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

AMBROSE, Senior District Judge

**OPINION**

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 20 and 22).  Both parties have filed Briefs in Support of their Motions. (ECF Nos. 21 and 23).  After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 20) and granting Defendant's Motion for Summary Judgment. (ECF No. 21).

**I.    BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying her applications for supplemental security income and disability insurance benefits pursuant to the Social Security Act.  Administrative Law Judge ("ALJ"), Daniel Campbell, held a video hearing on July 22, 2019.  (ECF No. 13-2, pp. 34-65).  Plaintiff was represented at the hearing.  *Id.*  An impartial vocational expert, Jacquelyn Wenkman, also appeared and testified at the hearing.  *Id.*  On September 10, 2019, the ALJ found that Plaintiff was not disabled under the Act.  (ECF No. 13-2, pp. 16-28).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court.  The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 20 and 22). The issues are now ripe for review.

---

[1] Kilolo Kijakazi became Acting Commissioner of Social Security on July 9, 2021, replacing Andrew Saul.

## II.     LEGAL ANALYSIS

### A.     Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

2

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity.  20 C.F.R. §404.1520.  The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4).  *Dobrowolsky*, 606 F.2d at 406.  Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5).  *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing.  *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

**B.    Discussion[2]**

Plaintiff first argues that the ALJ "failed to consider all of Plaintiff's limitations which would have significantly eroded more of the sedentary occupational base."  (ECF No. 21, p. 6).  Plaintiff, however, does not identify the limitations the ALJ "failed to consider." *Id*.  Thus, I find this conclusory statement underdeveloped and insufficient to place the issue before me.

Next, Plaintiff argues the ALJ "failed to recognize that the limitations he defined

---

[2] Plaintiff seems to make arguments in numerous footnotes.  Raising an argument in a footnote is improper.  Moreover, these arguments are conclusory.  Consequently, I find Plaintiff's arguments to be underdeveloped and wholly inadequate to place the issues before me.  To the extent the issues are discussed in the main portion of the brief or are fully developed, I will address the same.

To that end, I note that Plaintiff was not denied benefits at step 2.  Rather, the ALJ proceeded beyond step 2.  In so doing, the ALJ acknowledged that in making the RFC determination he considered all symptoms. (ECF No. 13-2, p. 22).  Thus, the ALJ proceeded to consider Plaintiff's severe and non-severe impairments in the evaluation process and in determining Plaintiff's RCF.  (ECF No. 13-2, pp. 22-27).  Therefore, I find any purported error was harmless such that a remand on this basis is not warranted.  *Salles v. Commissioner of Social Sec.*, 229 Fed.Appx. 140, 144-145, n. 2, 2007 WL 1827129 (3d Cir. 2007); *Sheeler v. Astrue*, No. 08-64J, 2009 WL 789892, 4 -5 (W.D.Pa. March 24, 2009); *Hanke v. Astrue*, No. 12-2364, 2012 WL 6644201, *4 (7th Cir. Dec. 21, 2012).

Finally, I point out that that the question before me is whether there is substantial evidence to support the decision of the ALJ.  *Allen v. Bowen*, 881 F.2d 37, 39 (3d Cir. 1989).*Weidow v. Colvin,* Civ. No. 15-765, 2016 WL 5871164 at *18 (M.D. Pa. Oct. 7, 2016).  Thus, Plaintiff's argument that there is substantial evidence to support her position is misplaced.

precluded the past work the Claimant performed, as she performed it." *Id.* To that end, Plaintiff asserts that both past jobs the ALJ found she could perform, customer service representative and security guard, would not tolerate the 5% off task residual functional capacity (RFC)[3] limitation determined by the ALJ. After a review of the record, I disagree. This argument ignores the testimony of the vocational expert (VE). After being posed a hypothetical question with the Plaintiff's RFC for the relevant period at issue (including being off-task 5% of the time), the VE testified Plaintiff could perform her above-referenced past work. (ECF No. 13-2, p. 61). The ALJ's reliance on the VE's testimony was reasonable and entirely consistent with the regulations. *See,* SSR 00-4p. Contrary to Plaintiff's assertion otherwise, I find the testimony at the hearing provides substantial evidence to support the ALJ's finding. *See, Biestek,* v. *Berryhill,* 139 S.Ct. 1448, 1152-53 (2019). Therefore, I find no merit to this argument.

Finally, Plaintiff argues that the ALJ "erred by failing to consider that the Plaintiff met GRID 201.14." (ECF No. 21, p. 7). "In 1978,…,the Secretary promulgated, through an administrative rulemaking, medical-vocational guidelines, or 'grids,' that establish the types and number of jobs that exist in the national economy for claimants with exertional impairments." *Sykes v. Apfel*, 228 F.3d 259, 263 (3d Cir. 2000). GRIDs, however, "may not be applied conclusively where the claimant does not fall squarely within all of the criteria of a specific rule, i.e., because his or her exertional limitations prevent the performance of the full range of work within a regulatory RFC category or because a claimant does not fit squarely within a particular vocational classification." *Castellano v. Berryhill*, No. 17-1035, 2018 WL 4441800, at *9 (M.D. Pa. Aug. 24, 2018), report and recommendation adopted, No. 17-1035, 2018 WL 4404654 (M.D. Pa. Sept. 17, 2018). *See,* 20 C.F.R. Pt. 404, Subpt. P, App'x 2.

---

[3] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a). In this case, the ALJ found Plaintiff had the RFC to perform sedentary work, with certain exceptions. (ECF No. 13-2, p. 22).

> Where the findings of fact made with respect to a particular individual's vocational factors and residual functional capacity coincide with **all of the criteria of a particular rule**, the rule directs a conclusion as to whether the individual is or is not disabled….Where any one of the findings of fact does not coincide with the corresponding criterion of a rule, the rule does not apply….In any instance where a rule does not apply, full consideration must be given to all of the relevant facts of the case….

20 C.F.R. Pt. 404, Subpt. P, App'x 2 (emphasis added).

In this case, the ALJ found Plaintiff had the RFC to perform sedentary work **with** exceptions. (ECF No. 13-2, p. 22). Plaintiff acknowledges this. (ECF No. 21, p. 8). Thus, Plaintiff's ability to perform all or substantially all of the requirements of sedentary work was impeded by additional limitations. Therefore, automatic application of GRID Rule s 201.14 does not apply. 20 C.F.R. Pt. 404, Subpt. P, App'x 2. Rather, to determine the extent to which these limitations erode the sedentary occupation base, the ALJ asked the vocational expert a series of hypothetical questions. To that end, I find the ALJ properly took testimony from the VE. Consequently, I find no merit to this argument.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TONI MARVETTA BACON,                )
                                    )
       Plaintiff,                   )
                                    )
 -vs-                               )    Civil Action No.  20-1374
                                    )
KILOLO KIJAKAZI,[4]                 )
COMMISSIONER OF SOCIAL SECURITY,    )
                                    )
    Defendant.                     )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 14th day of October, 2021, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 20) is denied and Defendant's Motion for Summary Judgment (ECF No. 22) is granted.

BY THE COURT:

*Donetta F. Ambrose*

Donetta W. Ambrose
United States Senior District Judge

---

[4] Kilolo Kijakazi became Acting Commissioner of Social Security on July 9, 2021, replacing Andrew Saul.